**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 12, 2011

No. 10-60306
Summary Calendar

Lyle W. Cayce
Clerk

CARLOS MURRALLES-MEJIA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 061 419

Before GARWOOD, PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carlos Murralles-Mejia (Murralles), a Guatemalan citizen, has petitioned this court for review of the decision of the Board of Immigration Appeals dismissing his appeal from the decision of the Immigration Judge (IJ) denying Murralles's application for withholding of removal.[1]  This court generally reviews

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Murralles also sought relief under the Convention Against Torture (CAT). Murralles raises no issue with respect to the denial of his request for relief under the CAT; nor does he dispute the denial of his claim for asylum (no justification was shown for his failure to apply for asylum for more than four years after arrival in the United States).  *See Thuri v. Ashcroft*,

only the BIA's decision except to the extent that the IJ's decision influences the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). The substantial evidence standard is applied in reviewing factual findings in immigration proceedings. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, "[t]he applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

Murralles challenges the IJ's adverse credibility finding, which was based on his demeanor, inconsistencies in his testimony with respect to the date of his relocation within Guatemala in response to the alleged persecution, and his failure to produce evidence to corroborate his testimony. Murralles contends that the evidence was not materially inconsistent and that there was no evidence that his testimony was not credible. Murralles contends that his testimony was detailed and consistent and that he explained his failure to present documentary evidence corroborating his testimony. Murralles's argument misapprehends this court's standard of review and his burden of proof in the agency proceedings.

Murralles's application for relief is governed by the REAL ID Act, which amended the standards for assessing credibility. *See Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). Under the REAL Act, "an applicant's testimony, alone, may be sufficient to sustain the burden of proving eligibility for asylum, 'but only if the applicant satisfies the trier of fact that [his] testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.'" *Id.* (quoting 8 U.S.C. § 1158(b)(1)(B)(ii)).[2] The IJ may consider the "totality of the circumstances" and "all relevant factors" in making a credibility determination. *See* § 1158(b)(1)(B)(iii) (listing factors). An applicant's credibility is not presumed. *Id.*

---

380 F.3d 788, 793 (5th Cir. 2004) (issues not addressed in opening brief are waived).

[2] In determining whether an alien is entitled to withholding of removal, the trier of fact "shall make credibility determinations, in the manner described in clauses (ii) and (iii) of section 1158(b)(1)(B)." 8 U.S.C. § 1231(b)(3)(C).

Thus, "'an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible.'" *Wang*, 569 F.3d at 538-39 (quoting with approval *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); quote at 538). This court will defer "'to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.'" *Id.* at 538 (quoting *Lin*, 534 F.3d at 167). In making a credibility finding, the IJ is not required to consider only inconsistencies, inaccuracies, and falsehoods that "go to the 'heart'" of an applicant's claim, *id.* at 537 (quoting § 1158(b)(1)(B)(iii)), as details at the periphery of the applicant's story "'may expose a liar.'" *Id.* at 539 (quoting *Mitondo v. Mukasey*, 523 F.3d 784, 789 (7th Cir. 2008)).

Murralles was required to establish in the agency proceedings that his testimony was credible, persuasive, and sufficiently specific. *See Wang*, 569 F.3d at 537. He failed to do so. The IJ could have overlooked, for reasons stated in Murralles's brief, the inconsistencies in Murralles's statements regarding the timing of his relocation within Guatemala, but she did not. This court may not reverse the BIA's adverse credibility determination unless the evidence was so compelling that "no reasonable fact-finder" could have failed to find Murralles credible. *Id.* at 538-39. Murralles has not satisfied that standard. Contrary to Murralles's argument, his testimony was strikingly lacking in detail with regard to his movements within Guatemala, the activities of the civic committee in which he participated, and the nature of the malfeasance exposed by the civic committee, which led to his alleged persecution. Murralles failed to provide any evidence corroborating his testimony, including his membership in, or the existence (or any activities) of, the alleged civic committee. Because the adverse credibility finding was supported by substantial evidence and because Murralles submitted no additional evidence corroborating his testimony, we have not considered the BIA's alternative determination that Murralles failed to carry his

No. 10-60306

burden with respect to withholding of removal.  *See Thuri v. Ashcroft*, 380 F.3d 788, 790, 792-93 (5th Cir. 2004).  The petition for review is DENIED.